## S. A. LAROE ET AL. v. J. C. GAUNT.

(Case No. 1764.)

1. BOND FOR TITLE — DESCRIPTION — NOTICE.— Where, under a recorded bond for title, the stipulations of the bond being afterwards complied with, a party enters upon land described as one hundred and sixty acres, the northwest half of a certain survey, with no particularity in the description as to metes and bounds, and remains in possession, his possession is open and adverse and notice to the world.

2. SAME — DEED — CONFLICT.— Such being the case, a subsequent deed to other parties from the same grantor, conveying by *metes and bounds*, that portion of the same survey unsold, so far as it conflicts in its particular description with the former conveyance, will be of no effect and will not pass title to that portion of the land previously conveyed.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

In 1863 Z. G. M. owned three hundred and twenty acres of land patented to A. J. Paschal. October 12, 1863, M. sold to J. C. Gaunt the northwest half, and executed and delivered to him a bond for title. The only description of the land given in the bond was " one hundred and sixty acres, it being the northwest half of the A. J. Paschal survey." The bond for title was never acknowledged or recorded. Gaunt took immediate possession upon the execution of the bond, made improvements, and remained in possession by virtue of the bond until October 26, 1868, when M. by deed conveyed to him one hundred and sixty acres, describing it by metes and bounds, and in which is included the strip of land in dispute. In 1866 M. attempted to convey to appellants, by metes and bounds, one hundred and sixty acres of the same survey and also covering the land now in dispute.

This suit was brought by Gaunt to recover from appellants pos. session of the portion described in the plat below. Judgment was rendered in his favor by the district court, and it is from this judgment that the appeal is taken.

The annexed sketch will show with sufficient definiteness the portion of land in dispute between the two parties, with reference to the survey:

A shows appellee's land.
B shows appellants' land.
C shows the land in controversy.
1, 2, 3 and 4 show the calls for corners in appellants' deed.
5, 6, 7 and 8 show calls for corners in appellee's deed.
3, 4, 7 and 11 show the land in controversy.
3, 4, 8, 5, 9 and 10 indicate appellee's land, according to appellants' theory.

*Manion & Adams*, for appellants.

*Word & Charlton*, for appellee.

WEST, ASSOCIATE JUSTICE.— This case was in form an action of trespass to try title, and was tried by the court without the intervention of a jury. The practical object and purpose of the suit was to ascertain what was the true and proper construction to be given to the title bond and conveyances held by the different parties to the litigation.

The land in dispute was part of a survey in the name of A. J. Paschal.

Both parties derive title from one Z. G. Moore.

Upon the correct determination of this question as to the true meaning and import of their title papers, the whole case turned.

We are of opinion, under the undisputed facts in evidence, that the district court decided correctly in holding that the land sold by Z. G. Moore to the appellee, on the 12th day of October, 1863, and into the actual possession and occupancy of which he at once entered, was the northwest half of said A. J. Paschal's grant, in manner and form substantially as claimed by the appellee.

This actual, open possession of the appellee, under and in accordance with the terms of his title bond, was public notice to all concerned of the character and extent of his claim to the *locus in quo.*

It announced to the world, in no uncertain or doubtful manner, his open assertion of right and title to one hundred and sixty acres (160), constituting the northwest half of the A. J. Paschal grant. The land he claimed did not exceed in quantity the one-half of the grant, and he being in actual possession of it, the appellants, or any one else afterwards purchasing a part of the Paschal survey, would necessarily be charged with knowledge of the extent and nature of appellee's claim. We are further of opinion, as matter of law, that the land purchased by appellee was in fact, under the circumstances, the northwest half of the A. J. Paschal grant.

The boundary lines of the original survey ran at an angle of forty-five degrees, as appears from the field notes, and the land found by the court, from all the evidence before it, to be the northwest half of the grant, is in fact such northwest half.

The evidence brings home, beyond question, notice to the appellants of appellee's claim and title to the land in controversy before and at the time of their purchase.

There is no error in the judgment, and it is affirmed.

AFFIRMED.